UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| BOBBY D. WHITLOCK | CIVIL ACTION 15-1814 |
| VERSUS | U.S. DISTRICT JUDGE JAMES |
| LAZER SPOT, INC. | U.S. MAGISTRATE JUDGE KIRK |

REPORT AND RECOMMENDATION

This is an employment discrimination suit filed by plaintiff, a former employee of defendant, Lazer Spot, Inc. (Lazer Spot). Defendant, Lazer Spot, has filed a motion to dismiss, **doc. #8**, under FRCP 12(b)(6) arguing that plaintiff has failed to state a claim of discrimination based on race. The case has been referred to me by the District Judge for Report and Recommendation.

Plaintiff describes himself as An "African American" who was terminated from his employment as a truck driver for defendant for pulling away from the loading dock "while the light was red". Plaintiff asserts in the short complaint that that reason was "just a cover-up" for racial discrimination. Specifically, he claims that plaintiff was punished for infractions that white employees were not punished for. The sole example provided is the allegation that a white employee "was allowed to ride around in his pickup truck without doing his job duties but given credit for the work done by African-American employees." He also makes a hostile work environment claim.[1]

---

[1] Plaintiff's age discrimination claim has been abandoned. See doc. #15 at pg. 4.

Plaintiff sued under Title VII and his claim was denied by the EEOC.

Law and Analysis

In considering a motion to dismiss, the court must assume the truth of factual allegations of the complaint and liberally construe them in favor of the plaintiff. A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995). While a complaint sought to be dismissed under FRCP 12(b)(6) does not need detailed factual allegations, a plaintiff must provide more than conclusions or speculation. A formulaic recitation of the elements of a cause of action will not suffice. In other words, plaintiff must make a showing rather than a blanket assertion of entitlement to relief. Bell Atlantic Corp. v. Twombly, 127 S.Ct.1955 (2007). This court has long held that a Rule 12(b)(6) motion may be granted as to portions of a complaint. Drewett v. Aetna Cas. & Sur. Co., 405 F.Supp. 877 (W.D. La. 1975). In accord, *see* Decker v. Massey-Ferguson, Ltd., 681 F.2d 111 (2nd Cir. 1982); Elliott v. State Farm Mut. Auto Ins. Co., 786 F.Supp. 487 (E.D.Pa. 1992). A well pleaded complaint may proceed even if it appears that actual proof of the facts set forth is improbable. Once a claim has been stated adequately, it may be supported by proof of any set of facts consistent with the allegations in the complaint. Bell, supra.

Title VII prohibits an employer from discriminating against an employee with respect to "compensation, terms, conditions or privileges of employment" because of race or religion, among other things. 42 U.S.C. 2000e-2 (a)(1). Where there is no direct evidence of discrimination, the court applies the burden shifting test established by McDonnell Douglas v. Green, 411 U. S. 792 (1973). Under this test, if plaintiff establishes a prima facie case of

discrimination, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse action. If defendant satisfies the burden, the burden shifts back to plaintiff who must prove that "the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 143 (2000). Plaintiff can establish pretext either directly, by showing that a discriminatory reason motivated defendant, or indirectly, by showing that the reasons given for defendant's actions are simply not believable. Texas Dep't. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). In either respect, " the ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Reeves, supra.

Race discrimination

To establish a *prima facie* case of discrimination, Whitlock must show that (1) he is a member of a protected class; (2) he suffered an adverse employment action, and (3) someone outside of the protected class was treated more favorably.  Okoye v. Univ. of Texas Houston Health Science Ctr., 245 F.3d 507 (5th Cir. 2001).

While plaintiff has clearly asserted facts that show that he is in a protected class and suffered an adverse employment action, he has not shown that a person outside the protected class was treated more favorably.  Indeed, he has not stated facts upon which one could even base a belief that race had anything whatsoever to do with his termination.  Plaintiff has not stated any facts or particulars except that another employee rode around in his truck instead of working. Plaintiff must at least allege facts, direct or circumstantial, that would suggest defendant's actions were based on plaintiff's race or that defendants treated similarly situated employees more

3

favorably. Raj v. Louisiana State University, 714 F.3d 322, 331 (5th Cir. 2013). Conclusory and generalized statements, as here, are not sufficient. See Turner v. Kansas City S. Ry. Co., 675 F.3d 887 (5th Cir. 2012) for a discussion of "workplace rule violations".

This claim should be dismissed.

Hostile work environment claim

In order to establish a prima facie case of hostile work environment, a plaintiff must prove (1) he belongs to a protected group, (2) he was subjected to harassment, (3) the harassment was unwelcome, (4) the harassment affected a term, condition or privilege of employment, and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action. Ramsey v. Henderson, 286 F.3d 264 (5th Cir. 2002).

As with his discrimination claim, plaintiff has alleged only that he is a member of a protected class and that he was terminated. In determining whether a workplace constitutes a hostile work environment, courts must consider the frequence of the discriminatory conduct, its severity, and whether it unreasonably interferes with the employee's work performance. Walker v. Thompson, 214 F.3d 615, 625 (5th Cir. 2000.A subjective belief of discrimination, however genuine, may not be the basis of judicial relief. See Rico-Sanz v. State, 04-693 2006 WL 3147730 (MDLA 2006), citing Lawrence v. Univ. of Texas, 163 F.3d 309 (5th Cir. 1999). Plaintiff has made no allegations of conduct on which to base his hostile work environment claim. This claim too should be dismissed.

For the foregoing reasons, IT IS RECOMMENDED that defendant's motion to dismiss, doc. #8, be GRANTED and plaintiff's claims be dismissed with prejudice.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 3rd day of December, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE